KERNS v. LEWIS.

1. MOTOR VEHICLES—NEGLIGENCE—LIABILITY OF OWNER WHEN CAR DRIVEN WITH HIS CONSENT.

Under Act No. 56, Pub. Acts 1927, § 29, the owner of a motor vehicle is liable for any injury occasioned by its negligent operation if it is being driven with his express or implied consent, and it is not necessary, in order to render him liable, that he consent to the driving by a particular driver.

2. TRIAL—INSTRUCTION INJECTING ISSUE NOT IN CASE UNDER DECLARATION AND EVIDENCE ERRONEOUS.

Where, in an action for the death of plaintiff's decedent, caused by a collision between plaintiff's and defendant's automobiles at an intersection of a trunk line highway and a cross road, under the declaration and evidence there was no issue involving the doctrine of last clear chance, an instruction injecting such doctrine into the case was erroneous.

3. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — TRUNK LINE HIGHWAYS.

If plaintiff's negligence contributed in bringing about a collision of his automobile with defendant's at an intersection of a trunk line highway and a cross road, resulting in the death of plaintiff's decedent, then plaintiff had no right to recover damages notwithstanding the driver of defendant's automobile violated statutory regulations in entering the trunk line highway.

4. NEGLIGENCE—LAST CLEAR CHANCE DOCTRINE MUST ARISE UNDER ISSUE PRESENTED BY PLAINTIFF.

The last clear chance doctrine cannot arise, except there be such an issue presented by a plaintiff in confession of his own negligence.

5. MOTOR VEHICLES—NEGLIGENCE—TRUNK LINE HIGHWAY USERS MUST EXERCISE REASONABLE PRUDENCE.

While the law accords the right of way to users of trunk line highways, it does not authorize one, in approaching a highway

As to liability of owner for injuries caused by automobile while being used by servant for his own business or pleasure, see annotation in 1 L. R. A. (N. S.) 215; 9 L. R. A. (N. S.) 1035; 14 L. R. A. (N. S.) 216; 33 L. R. A. (N. S.) 79; 22 A. L. R. 1397; 45 A. L. R. 478; 50 A. L. R. 1450.

crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence.

Error to Saginaw; Martin (William H.), J. Submitted January 10, 1929. (Docket No. 65, Calendar No. 34,087.) Decided March 29, 1929.

Case by William E. Kerns, as administrator of the estate of Gertrude D. Kerns, deceased, against Morgan F. Lewis, doing business under the assumed name of Nash-Lewis Motor Company, for personal injuries resulting in death of deceased. From judgment for plaintiff, defendant brings error. Reversed, and new trial granted.

*O'Keefe & O'Keefe,* for plaintiff.

*Bisnop & Weaver* (*Pierson & McLaughlin,* of counsel), for defendant.

WIEST, J. This is a suit to recover damages arising out of an automobile accident causing the death of Gertrude D. Kerns.

Defendant was engaged in the business of selling new and used motor vehicles, and George C. Clinton was his sales manager and in charge of the business when Mr. Lewis was absent. At a time when Mr. Lewis was absent, Mr. Clinton loaned John F. Pentkowski one of defendant's automobiles for use by him while his car was being repaired, and John, while using the car, let his brother Walter drive, and, while Walter was so driving, the car came into collision at a country road crossing with the car in which plaintiff's decedent was riding, and inflicted injuries resulting in her death. Defendant denies liability for the act of Walter Pentkowski on the

ground that Mr. Clinton had not loaned the car to him, and the act of John in letting Walter drive was not imputable to his consent, express or implied. Defendant also denied the authority of Mr. Clinton to loan the car. Liability of defendant, if any, is statutory and not common law.

Act No. 56, Pub. Acts 1927, § 29, provides:

"The owner of a motor vehicle shall be liable for any injury occasioned by the negligent operation of such motor vehicle whether such negligence consists of a violation of the provisions of the statutes of the State or in the failure to observe such ordinary care in such operation as the rules of the common law require. The owner shall not be liable, however, unless said motor vehicle is being driven with his or her express or implied consent or knowledge."

A short time before the accident John Pentkowski had purchased a new automobile from defendant, and, on the day of the accident, had returned it to defendant for repairs, and, wanting a car in the conduct of his business, requested Mr. Clinton, who was in charge of defendant's business, to loan him a car, and Mr. Clinton, after some demur, loaned him a car. This act of Mr. Clinton had neither been authorized nor forbidden by defendant, but on two or three previous occasions cars had been loaned. The car was loaned to John for use by him in his business, and was, of course, to be driven. At the time of the accident the car was being used by John, who was riding in it, but was being driven by Walter. Does the essential consent mentioned in the statute relate to the *driver,* or to the vehicle "being driven"? The statute makes the owner liable if the "motor vehicle is being driven with his or her express or implied consent or knowledge," and we can-

not read into it the restriction that the particular driver must be known by and his driving consented to by the owner. The statute may be drastic, but we cannot render it less so by any permissible construction.

The car in which Mrs. Kerns was riding was driven by her husband, and in this opinion we speak of Mr. Kerns as the plaintiff. There was a sharp issue of fact as to whether plaintiff's car collided with defendant's, or defendant's car collided with plaintiff's. Plaintiff claims that defendant's car ran into his car, and Walter and John Pentkowski claim that plaintiff's car ran into the side of defendant's car, and each point to damage to the cars in support of their claims. It was also claimed that plaintiff was guilty of contributory negligence in approaching the highway crossing.

Plaintiff was driving east on a trunk line highway, and defendant's car was being driven north on an intersecting highway. Brush along the south side of the east and west highway, over which plaintiff was driving, and the north and south highway, over which defendant's car was approaching the crossing, plaintiff admits, prevented his seeing the car approaching the crossing from the south, and he had no view of the car until he was at the crossing and too late to bring his car under control. The Pentkowskis, on the other hand, testified that the brush did not prevent a view, and they saw plaintiff's car approach the crossing, and it was such a distance away that it appeared reasonable for them to make the crossing, but, in attempting to do so, plaintiff's car struck their car in the side.

Error is assigned upon the following instruction to the jury:

*"Violation of a Statute.* I further charge you that where a statute has been violated, unless such a violation amounts to gross negligence or wilful wrong, contributory negligence is a defense."

This was an instruction that contributory negligence is no defense in case of a violation of a statute, if the violation amounts to gross negligence or wilful wrong.

Following what we have just quoted, the court stated:

"And by that I mean such negligence as will permit a recovery, even though the plaintiff was contributorily negligent, may be defined as 'the intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life and property of another.' "

We have isolated this from the rest of the instruction because it was wholly foreign to any issue in the case. We assume that the court had in mind the doctrine of last clear chance, or discovered negligence. Under the declaration and evidence there was no such issue. If there had been such an issue, the instruction was too abstract.

If the driver of defendant's car violated statutory regulations relating to highways, and plaintiff's negligence contributed in bringing about the collision, then plaintiff had no right to recover damages.

Plaintiff alleged due care, denied negligence on his part, and, inasmuch as an issue of discovered negligence could only have been raised by the plaintiff, there was no such issue in the case. It is true the court, in other parts of the instruction, left the issue of plaintiff's contributory negligence to the jury, with the advice that, if found, there could be no recovery, but, under the instruction quoted, there

was no need of the jury going into the subject of contributory negligence in case it was found the driver of defendant's car was guilty of gross negligence or a wilful wrong in violating the highway law. The instruction injected the last clear chance doctrine, which cannot arise, except there be such an issue presented by a plaintiff in confession of his own negligence.

As stated in *Kansas City Southern R. Co.* v. *Ellzey,* 275 U. S. 236 (48 Sup. Ct. 80):

"That doctrine, rightly applied, * * * amounts to no more than this, that a negligent defendant will be held liable to a negligent plaintiff if the defendant, aware of the plaintiff's peril or unaware of it only through carelessness, had in fact a later opportunity than the plaintiff to avert an accident."

Defendant had a right to go to the jury upon the question of plaintiff's contributory negligence unexcused by the doctrine of last clear chance. Plaintiff invoked the right of way accorded by law to users of a trunk line highway and the assurance of safety thereunder. While the law accords the right of way, it requires, as well, the exercise of at least "horse sense." The statute does not authorize one, in approaching a highway crossing, to assume that in all events he may proceed without looking, or, if unable to see, without exercising precaution commensurate with reasonable prudence.

The case presents issues of negligence and contributory negligence.

The judgment is reversed, and a new trial granted, with costs to defendant.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.