SCOTT v. WALLACE.

1. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.
   In action for damages caused by collision between automobiles at street intersection, questions of negligence and contributory negligence were properly submitted to jury, under evidence.

2. SAME—LIABILITY OF OWNER.

Whether automobile was being driven by brother-in-law of owner with his express or implied consent or knowledge at time of accident so as to render him liable under 1 Comp. Laws 1915, § 4825, as amended by Act No. 56, Pub. Acts 1927, *held,* question for jury under evidence.

Error to Saginaw; Browne (Clarence M.), J. Submitted April 24, 1930. (Docket No. 41, Calendar No. 34,792.) Decided June 2, 1930.

Case by Ralph Scott against Harold Wallace and Lewis Herrig for personal injuries. Verdict and judgment for plaintiff against defendant Wallace is reviewed by error. Affirmed.

*Beach & Beach,* for plaintiff.

*Dunham & Cholette* (*Kendrick & Kendrick,* of counsel), for defendant.

BUTZEL, J. Ralph Scott, plaintiff, was driving his car in a westerly direction on the north side of Cooper street in the city of Saginaw, on December 1, 1928. Cooper street runs east and west and is intersected by Fayette street running north and south. The streets are each 26 feet wide. Fayette street is what is known as a "through" street, and there is a stop sign on the north side of Cooper street 31.3 feet east of the easterly curb line of Fayette street. According to plaintiff's testimony, he stopped his car at the stop sign on Cooper street, where his view was wholly unobstructed, and then proceeded at the rate of eight miles an hour across Fayette street. The accident happened at 5:30 p. m., when it had already become dark. It was raining, and, according to some witnesses, it was misty and the pavement was slippery. Defendant

Herrig was driving a car owned by defendant Wallace in a southerly direction on Fayette street. He claims he was driving at the rate of 20 miles an hour and was looking ahead of him. Plaintiff's car was struck near its rear end by the car driven by Herrig at the intersection of the two streets. Plaintiff claims that he drove very carefully, that he stopped and looked, but did not see defendant's car at all until it was right "on top of me." There is some dispute as to how rapidly Herrig was driving. The force of the impact was so great that plaintiff's car was hurled against a telegraph pole at the southwest corner of the two streets, 32 feet from the point where the cars had collided. Evidently the telegraph pole stopped the further movement of plaintiff's car. It was badly wrecked and plaintiff sustained serious injuries. Questions of defendant Herrig's negligence, plaintiff's contributory negligence, and whether Herrig was driving defendant Wallace's car with the latter's express or implied consent, were submitted to the jury under proper instructions. The jury rendered a verdict in favor of plaintiff.

It developed at the trial that defendant Herrig was only 20 years of age, and that no guardian *ad litem* had been appointed for him. The trial court thereupon dismissed the case against defendant Herrig without prejudice to plaintiff's right to sue Herrig again either after he becomes of age or after a guardian *ad litem* has been appointed for him, so that defendant Wallace is the sole appellant. The main claims of error are that plaintiff was guilty of contributory negligence and therefore not entitled to recover; and that Wallace had not really given his express or implied consent to Herrig to

drive the car. There is no claim that Herrig was a member of Wallace's family.

Plaintiff gave positive, unequivocal testimony that he stopped at the stop sign, looked carefully to see whether there was any traffic approaching on Fayette street from either the north or south, and that he cautiously moved across the street.

Defendant Herrig's testimony was equally positive, though he admits he was going much more rapidly than the speed of plaintiff's car according to the latter's testimony. Herrig's statements were corroborated by a witness who was a friend of his. It was not a clear day when objects could have been seen at a considerable distance. Defendant Herrig admits that only his dim lights were burning, and the physical conditions were such that there were questions for the jury to determine. They held in favor of plaintiff.

The other question raised on appeal is whether defendant Herrig was driving defendant Wallace's car with the latter's express or implied consent, whereby defendant Wallace would be liable under 1 Comp. Laws 1915, § 4825, as amended by Act No. 56, Pub. Acts 1927, which makes the owner of the motor vehicle liable if it was being driven with his express or implied consent or knowledge. There is no claim that Herrig was an immediate member of Wallace's family. He was his brother-in-law, but did not live with Wallace. On the date of the accident Wallace had been married to Herrig's sister but nine days. Wallace was absent in Canada on business. The testimony shows that Wallace, four or five times prior to the time of the accident, had suggested that Herrig drive the car. Two or three of these occasions were just prior to the date of Wallace's marriage, within a fortnight of the

time of the accident. Wallace gave a key of the car to his wife. He was coming home from Canada the night of the accident. There was a loaned battery in the car, and Herrig was sent by Wallace's wife to the battery company in order to return the loaned battery and to have the recharged battery belonging to the car installed. Defendant claims that he especially told his wife that she was the only person who might drive the car during his absence. Defendant admitted that the car had been driven by her. Defendant claims that the case comes within the rule laid down in *Rogers* v. *Kuhnreich*, 247 Mich. 204, where husband and wife were estranged; the husband had canceled his automobile insurance, taken his car out of "live" storage, and garaged it as "dead" storage, and was in Europe when the car was driven without his knowledge or consent by a nephew who roomed with the owner's family. The facts in the present case are different, and are more analogous to those in *Kerns* v. *Lewis*, 246 Mich. 423, where we held that the controlling question, in cases arising under the statute which makes the owner liable when the car is driven with his express or implied consent, is not who the particular driver was, but whether the car was being "driven" with the owner's express or implied consent. The circumstances in the present case, together with the testimony, make it a question for the jury to determine whether the car was driven with the owner's express or implied consent.

For the reasons above given, the judgment of the lower court is affirmed, with costs to plaintiff.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.