MURIEL GRANLEY, TRUSTEE FOR HEIRS OF KENNETH PATRICK GRANLEY, AND OTHERS v. RICHARD ALLEN CRANDALL AND ANOTHER. JEANE C. HUTCHINSON, APPELLANT.

180 N. W. (2d) 190.

September 25, 1970—Nos. 41942, 41943.

*Hammer, Weyl, Halverson & Watters, K. C. Weyl,* and *Gerald J. Brown,* for appellant.

*Courtney, Courtney & Gruesen,* for respondent Granley.

*Hamerston, Bye & Mitchell,* for respondent Wakefield.

Heard before Nelson, Otis, Rogosheske, Peterson, and James F. Murphy, JJ.

OTIS, JUSTICE.

These are consolidated actions seeking damages for the wrongful death of Kenneth Granley and for personal injuries sustained by Christopher Wakefield who were struck by a car owned by defendant Jeane Hutchinson and operated by defendant Richard Crandall. The fact that Crandall was guilty of negligence which proximately caused the accident was conceded. The trial court ruled as a matter of law that he was driving with the consent of Mrs. Hutchinson. This is the only issue for review. The jury awarded Wakefield $30,544.75 and the Granley trustee $14,000.

At the time of the accident on July 12, 1967, Mrs. Hutchinson had permitted her teen-age daughter, Jill, to drive her car to a friend's house in order to arrange a place to sleep while Mrs. Hutchinson was out of town. Because Mrs. Hutchinson needed the car, she asked her daughter to come back after doing that one errand. She had given her daughter standing instructions not to permit anyone else to drive the car and did not realize that without her permission Jill had frequently gone joyriding and had allowed friends to operate the car.

Instead of returning directly home, Jill picked up teen-age friends and drove to Park Point on the outskirts of Duluth. There, she and Crandall, who was one of her passengers, engaged in a tire-squealing performance called "circle spins," which attracted both the attention and indignation of other people enjoy-

ing the park. A number of them converged on the car to express their disapproval. This prompted Crandall to slam the door and drive off at speeds estimated at 80 or 100 miles an hour. It was during this flight that Crandall lost control of the car at a turn and struck the bicycle on which the Granley and Wakefield boys were riding.

We have dealt with the question of what constitutes implied consent under the vicarious liability statute, Minn. St. 170.54, in a number of recent cases.[1] Lange v. Potter, 270 Minn. 173, 132 N. W. (2d) 734; Mullin v. The Fidelity & Casualty Co. 271 Minn. 551, 556, 136 N. W. (2d) 613, 616; Allied Mutual Casualty Co. v. Nelson, 274 Minn. 297, 143 N. W. (2d) 635; Anderson v. Hedges Motor Co. 282 Minn. 217, 164 N. W. (2d) 364; Taylor v. Allstate Ins. Co. 286 Minn. 449, 176 N. W. (2d) 266.

Mrs. Hutchinson relies on Truman v. United Products Corp. 217 Minn. 155, 14 N. W. (2d) 120, and the Anderson case. In the Truman case, an employer permitted an employee to take a truck home at night with the understanding it was only to be driven to and from his work. In violation of that restriction, the emloyee had an accident while pleasure driving. We held that the owner had not given consent to driving the truck at the time and place the accident occurred and held the employer not liable. The Anderson case is readily distinguishable. There, an automobile mechanic became involved in an accident while using a car for a purpose unrelated to his work after it had been delivered to him for repair. The jury found no implied consent on the part of the owner, and we affirmed. The cases cited by defendant involved a master-servant and a bailor-bailee relationship where

---

[1] Minn. St. 170.54 provides as follows: "Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

the owner had no reason to anticipate the car would be diverted to unauthorized uses. Nor did the owner have the opportunity for supervision and control which can be expected of a parent.

We are of the opinion and hold that the instant case is controlled by our decision in Lange v. Potter, *supra*. There, we found a father had given implied consent to the operation of his automobile by a friend of his daughter's, notwithstanding the father's express admonition against permitting anyone else to drive the car. We based our conclusion on the broad premise that at the time of the accident the car was being used for a purpose intended by both the father and daughter. Defendant argues that Lange may be thus distinguished because Mrs. Hutchinson did not intend her car to be used for any purpose except to drive back and forth to a friend's house. Nevertheless, we have concluded that the policy of Minn. St. 170.54 is better served by holding as a matter of law that where a parent permits his child to use his car, he is deemed to have given consent to the operation of his vehicle by any third person driving with the child's permission and under his direction, if the child is also a passenger. Thus, we take judicial notice of what is commonly experienced juvenile conduct. Parents, particularly of teen-agers, cannot with impunity blind themselves to the realities of youthful behavior. The almost universal proclivity of young people for joyriding and the great inclination of young girls to permit friends to drive their automobiles impose on parents a special responsibility for policing the activities of their children. To sustain the burden of proving lack of consent will require a strong showing that the car was being used by the child without the parent's knowledge and contrary to his explicit instructions, or that the operator, other than the child, was driving without the child's permission under conditions which approach the status of a conversion or a theft.

For the reasons stated here and in the Lange case, the trial court was correct in charging the jury as a matter of law that

314

Crandall was operating the car with the implied consent of Mrs. Hutchinson.

Affirmed.

MR. JUSTICE KELLY, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.