WESTERN CASUALTY & SURETY COMPANY, Plaintiff and Respondent,

v.

Alan ANDERSON, Bradley A. Minor, Kevin Scheopf, Kathy Tunender and Robert E. Terwilliger, Special Administrator of the Estate of Lesa E. Terwilliger, Deceased, Defendants and Appellants.

Nos. 12294, 12298.

Supreme Court of South Dakota.

Jan. 5, 1979.

Richard O. Gregerson of Woods, Fuller, Schultz & Smith, Sioux Falls, for plaintiff and respondent.

James E. Kessler of Erickson & Kessler, P. C., Brookings, for defendant and appellant Alan Anderson.

Thomas H. Muilenburg, Sioux Falls, for defendant and appellant Kevin Scheopf.

Thomas M. Issenhuth of Arneson, Issenhuth & Gienapp, Madison, for defendant and appellant Kathy Tunender.

J. B. Lammers of Lammers, Lammers & Kleibacker, Madison, for defendant and appellant Robert E. Terwilliger, Special Administrator of the Estate of Lesa A. Terwilliger, deceased.

WOLLMAN, Chief Justice.

This is an appeal from a judgment declaring that an insurance policy issued to appellant Anderson by Western Casualty & Surety Insurance Company (respondent) did not extend coverage for injuries incurred in an accident in which Anderson was driving appellant Brad Minor's car. The trial court found that: (1) Anderson was driving the car at the time of the accident, and (2) Anderson did not have Minor's permission to drive the car. The driver, the passengers in the car, and the owner of the car appeal. We reverse.

Minor testified before the trial court and was deposed on various occasions by the parties to this action. There were numerous contradictions in his evidence. These contradictions are glaringly apparent, both when his trial testimony is compared to his deposition testimony and when his trial testimony is reviewed alone. The trial court, who had an opportunity to observe the demeanor of the witness, found that Minor's testimony was not credible and therefore applied the maxim "falsus in uno, falsus in omnibus" to all of his testimony.

Looking only to the testimony of Anderson and Kevin Scheopf, who was a passenger in the Minor vehicle at the time of the accident, the evidence shows that Minor brought his car to Anderson for repairs. Anderson believed that he had Minor's permission to use the car as part of the repair agreement. Anderson testified that he had postponed working on his own car in order to work on the Minor car, something he would not have done unless he could use the Minor car for general transportation. In a prior unsworn statement taken a short time after the accident, Anderson stated that he did not have Minor's permission to use the car. (The record reveals that Anderson received head injuries in the accident, which affected his memory for a period of time following the accident). Anderson testified that four days prior to the accident Minor told him not to drive the car; however, when the sheriff came out to Minor's farm to take Minor to jail, Minor left Anderson in control of the car and in fact watched him drive away.* Minor never asked Anderson to return the keys to the car.

On cross examination, Anderson gave the following reasons why be believed he had permission to drive the car for personal use: (1) After he had finished working on the car, Minor continued to allow him to drive it; (2) after Minor wanted the car parked for a while, Anderson removed his personal belongings from the car but Minor did not pick up the keys; (3) Minor expressly allowed Anderson to drive the car to Watertown after Minor had been placed in jail; and (4) Anderson still had the keys and Minor knew that he was driving the car during the period of time in which the accident occurred. On the evening of the accident, Anderson used the car to take

---

* Minor had several legal difficulties during this period of time. Apparently he was on probation following a conviction for an unspecified felony and three misdemeanors at the time he left his car with Anderson. After he left the car with Anderson, he was arrested for viola-

Minor's girl friend to the home of Minor's parents, who observed Anderson driving the car and did not question his authority to do so.

It seems clear that the first time Minor was jailed he instructed Anderson to leave the car parked; however, after being released from jail Minor specifically asked Anderson to drive the car, and in fact at the time of Minor's second arrest Anderson was driving the car and Minor was a passenger.

Kevin Scheopf testified that he knew Minor had given the car to Anderson and that Anderson had a right to use it. Scheopf overheard a conversation in which Minor and Anderson agreed that Anderson's use of the car would be deducted from the cost of repairs.

Appellants address at some length the provisions of SDCL 32–35–70 and 32–35–71 and contend that these statutes invalidate the insurance policy provision respondent relies upon to relieve itself of liability. SDCL 32–35–43, however, limits the applicability of the cited statutes to persons convicted under certain motor vehicle laws and to persons failing to pay judgments upon causes of action arising out of the use of automobiles. There is no evidence that Anderson is such a person, nor is there any evidence that the policy in question was certified as required by SDCL 32–35–65. The cited chapter is the South Dakota financial responsibility law. Appellants assert that because of strong public policy reasons the provisions of the financial responsibility law should apply to all insurance policies. We are not told what these reasons are, nor are we directed to any cases where such a result is obtained under this type of statutory scheme. We decline to so extend the provisions of the financial responsibility law.

There is wide variation among the several states concerning what must be shown in order for a court to find that there has been express or implied permission by an owner for use of his automobile. See *Hutchings v. Bourdages*, 291 Minn. 211, 189 N.W.2d 706; *Taylor v. Allstate Insurance Company*, 286 Minn. 449, 176 N.W.2d 266; *Nordahl v. Peterson*, 68 Wis.2d 538, 229 N.W.2d 682; *Upton v. Tatro*, 68 Wis.2d 562, 229 N.W.2d 691; *Nye v. James*, Mo.App., 373 S.W.2d 655.

In *National Farmers Union Prop. & Cas. Co. v. Ronholm*, N.D., 153 N.W.2d 322, the North Dakota court said that implied consent will not arise without a showing of course of conduct or practice known to the owner and acquiesced in by him that would lead to an implication of permission for a particular venture. The court indicated that failure by the owner to object to the use would not be deemed consent.

The record in the present case provides a unique situation. Excluding, as did the trial court, Minor's testimony, our review of the evidence leads us to the conclusion that the trial court erred in deciding that Anderson did not have Minor's permission to use the car. This is so because nearly all of the evidence tending to show lack of permission appears in Minor's excluded testimony. From the remainder of the evidence, considering the totality of the circumstances, there appears to be a course of conduct known to the owner and acquiesced in by him that leads to a clear implication of permission for this particular venture. *National Farmers Union Prop. & Cas. Co. v. Ronholm*, supra. This is not a situation where a stranger to the policy seeks to find coverage under the policy, but rather here the insured himself seeks coverage under his own policy. The duty to show that the policy does not provide coverage must be on the insurance company in these circumstances. Accordingly, the judgment appealed from is reversed and the case is remanded to the circuit court with directions to enter findings of fact, conclusions of law, and judgment in accordance with the views expressed herein.

All the Justices concur.

---

tion of probation. He was released on bond and was arrested again four days before the

accident. His deposition was taken at the South Dakota Penitentiary.