MUTUAL SERVICE CASUALTY INSUR-
ANCE COMPANY, Appellant,

v.

LUMBERMENS MUTUAL CASUALTY
COMPANY, et al., Respondents,

David G. Ketchum, Respondent,

Charles M. Ketchum, Respondent.

No. 48632.

Supreme Court of Minnesota.

Oct. 19, 1979.

James M. Shultz, St. Paul, for appellant.

Lasley, Gaughan, Reid & Stich and Mi-
chael S. Kreidler, Minneapolis, for Lumber-
men's Mut. Cas. Co. et al.

Gregory Evenson, Moose Lake, for David
G. Ketchum.

Charles M. Ketchum, pro se.

KELLY, Justice.

Plaintiff Mutual Service Casualty Insur-
ance Company appeals from a declaratory
judgment of the district court determining
that it was obligated to provide coverage to
David G. Ketchum, the son of its named
insured Charles M. Ketchum, because he
was operating the named insured's vehicle
with implied consent when a collision in-
curred injuring defendant, Lumbermens
Mutual Casualty Company's insured. We
conclude that the trial court's finding of
implied consent was not clearly erroneous
and we, therefore, affirm.

On September 29, 1973, David Ketchum,
the 14-year-old son of plaintiff's insured
was operating his father's 1963 Volkswagen
on a county road near Kerrick, Minnesota,
when a tire blowout caused the vehicle to
leave the road and roll over. Steven Mel-
berg, one of the three passengers, was in-
jured.

When David was 13 years old his father
first instructed him to drive. The family
owned two automobiles and a small Honda
motorcycle, the latter of which David regu-
larly drove on county roads in and around

Kerrick. The record indicates that David did not drive the automobiles unless accompanied by one of his parents, although his father was cognizant of the fact that David was anxious to drive, since he regularly requested, but was refused, use of the vehicles. David had no drivers license and was not old enough to obtain a permit. It was common, however, in this rural community for children to operate motor vehicles at a younger age than that required by law and for parents to acquiesce in that conduct.

On the morning of the accident David's parents left the home early and instructed him to drive the Honda to his confirmation class, as was his usual practice. David, knowing that the keys to the Volkswagen were readily accessible, decided to drive it instead. He made no effort to conceal the fact of his driving. After class, David offered to drive three classmates to their homes. While en route, the accident occurred.

■ The sole issue on appeal is whether the trial court erred in finding David was operating the automobile with the implied permission of the named insured. The standard of review is whether that finding is clearly erroneous. Rule 52.01, Rules of Civil Procedure; *Stewart v. Anderson*, 310 Minn. 495, 246 N.W.2d 576 (1976).

Minn. Stat. § 170.54 (1978) provides:

"Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

We have construed this statute liberally, particularly in cases involving minor permittees, but we have not imposed absolute parental liability. *Western National Mutual Ins. Co. v. Auto-Owners Ins. Co.*, 300 Minn. 401, 220 N.W.2d 362 (1974); see, also, *Shelby Mutual Ins. Co. v. Kleman*, 255 N.W.2d 231 (Minn.1977); *State Farm Mutual Automobile Ins. Co. v. Dellwo*, 300 Minn. 409, 220 N.W.2d 367 (1974). The burden of proving lack of consent is upon the named insured and requires a strong showing that the automobile was being used without the owner's knowledge and contrary to his explicit instructions. *Shuck v. Means*, 302 Minn. 93, 226 N.W.2d 285 (1975).

■ It is our view that, in cases arising out of a claim that one operated a motor vehicle with the implied consent of the named insured, it is necessary to specifically examine the unique factual setting presented. Given the totality of circumstances of record, particularly the prior operation of the vehicle in the presence of a parent and parental acquiescence in the operation of the motorcycle, we conclude that the trial court's finding that the named insured impliedly consented to his son's use of the automobile is not clearly erroneous.

Affirmed.

TODD, J., took no part in the consideration or decision of this case.