Dale Lovett BATES, Appellant,

v.

Dale ARMSTRONG, Jr., Defendant,

Gary Dean Schlotfeldt, Respondent.

No. C4–99–824.

Court of Appeals of Minnesota.

Jan. 4, 2000.

Sharon L. Van Dyck, Daniel J. Bresnahan, Schwebel, Goetz & Sieben, Minneapolis, MN (for appellant).

Leon R. Erstad, Erstad & Riemer, P.A., Minneapolis, MN (for respondent).

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Considered and decided by LANSING, Presiding Judge, SHUMAKER, Judge, and FOLEY, Judge.*

## OPINION

LANSING, Judge.

Dale Bates appeals from an adverse judgment in his action to recover for personal injuries sustained as a passenger in a motor vehicle accident. The district court concluded that the driver of the car in which Bates was riding did not have permission to use the car at the time of the accident and, consequently, Bates could not collect under the owner's insurance policy. Because the facts as found by the district court do not satisfy the legal standard necessary to terminate permissive use under the Safety Responsibility Act, we reverse.

## FACTS

Dale Bates was injured on June 20, 1997, while he was a passenger in an automobile owned by Gary Schlotfeldt and driven by Dale Armstrong. Schlotfeldt was insured by Commercial Union Insurance Company. His 25-year-old daughter Amy was the car's principal driver.

On June 18, Amy Schlotfeldt dropped off the car for minor repairs at the home of long-time friend Ronald Tolbert and gave him the keys. Although she expected Tolbert to return the car to her that evening, she did not instruct him to do so.

Tolbert did not return the car to Schlotfeldt the evening of the 18th. Early on the morning of the 19th, Schlotfeldt began paging Tolbert to get her car back. Tolbert eventually returned Schlotfeldt's page and promised to return the car. He failed to do so, however, and did not contact Schlotfeldt again until the following evening. Tolbert once again promised to return the car, and Schlotfeldt agreed to let him bring the car to her friend's house,

Minn. Const. art. VI, § 10.

even though she had first requested that he leave the car at his house so she could pick it up.

Instead of returning the car as promised, Tolbert, Bates, and Dale Armstrong, Bates's son, decided to go look at Cadillacs. Because Tolbert was too intoxicated to drive, he gave the keys to Armstrong. Armstrong agreed to drive even though he too was intoxicated. Fifteen minutes after arriving at the Cadillac dealership, the group got back in the car with Armstrong at the wheel and headed toward Lake Street to get something to eat. As Armstrong was driving down Lake Street, he swerved to avoid a pedestrian, lost control of the car, and crashed into a pole. As a result of the accident, Bates suffered a broken pelvis and was hospitalized for two weeks.

In October 1997, Bates brought this action against Armstrong and Gary Schlotfeldt. The parties waived a jury trial and submitted a single issue to the court for adjudication: whether the use of Schlotfeldt's car was permissive within the meaning of the Safety Responsibility Act, Minn. Stat. § 170.54 (1998). The court found that Tolbert did not intend to return the car "as he stated he would" and that the use of Schlotfeldt's car became non-permissive after Schlotfeldt first demanded the return of the car. Based on these findings, the court concluded that Gary Schlotfeldt was not vicariously liable for Armstrong's negligent use of the car. Although in its amended order the court found that Tolbert and Armstrong were on the way to returning Schlotfelt's car at the time of the accident, the parties agreed at oral argument that the amended finding was the result of a typographical error and that the original finding that the parties were *not* on their way to returning the car was the finding the trial court intended. This appeal followed.

## ISSUE

Absent theft or conversion, when the owner of a motor vehicle permits another to use the vehicle, is the owner's later demand for the vehicle's immediate return sufficient to terminate the initial permission and thereby avoid vicarious liability under the Safety Responsibility Act for the vehicle's negligent use?

## ANALYSIS

■ Minnesota's Safety Responsibility Act provides that a person who drives a motor vehicle with the express or implied consent of its owner is deemed to be the owner's agent in case of an accident:

> Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.

Minn.Stat. § 170.54 (1998). The purpose of the Safety Responsibility Act is to give members of the public injured by the negligent operation of a motor vehicle " 'an approximate certainty' of an effective recovery" when liability would not otherwise exist. *Milbank Mut. Ins. Co. v. United States Fidelity & Guar. Co.*, 332 N.W.2d 160, 165 (Minn.1983) (citation omitted). The supreme court has consistently stated that courts must construe the statute liberally to achieve its purpose. *See, e.g., id.* at 165–166.

■ In interpreting the Safety Responsibility Act, Minnesota courts have followed the "initial permission" rule. Under this rule, when the owner of a motor vehicle grants another person permission to use the vehicle, major departures from the initial scope of permission, short of conversion or theft, do not relieve the owner from vicarious liability for the permittee's negligent use of the vehicle. *Id.* at 167. Liability depends not on the scope of permission, but on whether permission was given in the first instance. *See id.* (finding employee's use of company car permissive even though it clearly exceeded express

limitations employer placed on use of the car); *Shuck v. Means*, 302 Minn. 93, 97, 226 N.W.2d 285, 288 (1974) (holding rental agency liable for minor's use of rental car, notwithstanding provision in rental agreement forbidding minors from driving, when renter permitted minor to drive); *Hutchings v. Bourdages*, 291 Minn. 211, 216, 189 N.W.2d 706, 710 (1971) (finding parent consented to third person's use of car by virtue of child's permission, even though parent explicitly instructed child not to allow others to use the car and child-permittee was not passenger). Because of the principles underlying the initial permission rule, the conduct required to terminate permission must be tantamount to theft or conversion. *Milbank*, 332 N.W.2d at 167.

■ On appeal, Schlotfeldt and Armstrong do not claim that Tolbert's departure from the initial scope of permission terminated the initial permission. Instead, they argue that Tolbert's conduct amounted to conversion and thus satisfies the standard set forth in *Milbank* for terminating permissive use. We cannot agree. Conversion is the wrongful exercise of dominion or control over the property of another. *Rudnitski v. Seely*, 452 N.W.2d 664, 668 (Minn.1990); *Hildegarde, Inc. v. Wright*, 244 Minn. 410, 413, 70 N.W.2d 257, 259 (1955); *Molenaar v. United Cattle Co.*, 553 N.W.2d 424, 430 (Minn.App.1996). Conversion may be established by proof of some act that changes the character of the property or permanently deprives the owner of it. *Brandenburg v. Northwestern Jobbers' Credit Bureau*, 128 Minn. 411, 413–14, 151 N.W. 134, 135 (1915). Although a refusal to deliver property upon demand is evidence of conversion, proof of conversion must also demonstrate repudiation of ownership rights by the possessor. *Stebbins v. Martin*, 121 Minn. 154, 157, 140 N.W. 1029, 1030 (1913). Because the measure of damages in conversion actions is the full value of the chattel at the time of the tort, conversion is "properly limited * * * to those serious, major, and impor-

tant interferences with the right to control the chattel which justify requiring the defendant to pay its full value." Restatement (Second) of Torts § 222A cmt. c (1965).

■ Schlotfeldt and Armstrong did not argue in the district court that Tolbert's actions amounted to conversion, and we do not interpret *Milbank* to require a district court to make specific findings on conversion or theft in cases raising permissive-use issues. But the permissive-use rule adopted in Minnesota applies the principles defining conversion and theft to establish the limits of permissive use under the Safety Responsibility Act. Thus, we apply the legal standard that incorporates these principles to the district court's fact findings to determine whether Schlotfeldt's demand for the immediate return of her car effectively terminated the initial permission.

■ Schlotfeldt and Armstrong rely on three district court findings for their conversion argument: that Amy Schlotfeldt had demanded the return of the car, that Tolbert and Armstrong were not on their way to return Schlotfeldt's car, and that Tolbert did not intend to return the car before the accident occurred. These facts, however, are not dispositive. An owner's demand for the return of a motor vehicle alone does not effectively terminate the permission initially granted for its use. Instead, when a request for the return of a car contemplates additional driving, the initial permission is extended to allow the permittee to return the car. *Cf. State Farm Mut. Auto. Ins. Co. v. Estate of Simmons*, 169 N.J.Super. 133, 404 A.2d 349, 352 (1979) (initial permission revoked when owner demanded that permittee return car keys, permittee refused, permittee's companion threatened owner with violence, and return of the car did not involve additional driving), *aff'd*, 84 N.J. 28, 417 A.2d 488 (1980). Absent theft or conversion, once an owner entrusts a motor vehicle to another, a demand for the return of the vehicle that

contemplates additional driving does not render subsequent use of the vehicle non-permissive, and the risk of liability for the negligent use of the vehicle remains with the owner until the vehicle is returned to him or her.

In this case, Tolbert promised to return Schlotfeldt's car. The record does not reflect that he made any adverse claim regarding the ownership of the car. Schlotfeldt agreed to Tolbert's proposal that he return the car to her. By so doing, she extended her initial permission for his use of the car and retained the risk of liability for its negligent use.

Our holding is consistent with the legislature's clearly stated policy of assuring innocent persons injured by the negligent use of a vehicle an "approximate certainty" of recovery. A contrary holding would foster troublesome and possibly collusive litigation on the circumstances surround-ing the owner's demand and thereby obstruct the achievement of legislative policy. It would also run contrary to the legislature's desire to hold owners responsible for the negligence of those to whom they entrust their vehicles.

## DECISION

The record reasonably supports the district court's findings of fact, but those facts do not meet the legal standard necessary to terminate permissive use within the meaning of the Safety Responsibility Act.

**Reversed.**