WEAVEWOOD, INC., Respondent,

v.

S & P HOME INVESTMENTS,
LLC, Appellant,

Palladium Holdings, LLC,
et al., Defendants,

M. Jacqueline Stevenson, Respondent,

Highland Bank, Respondent.

Nos. A10–1762, A10–2113, A10–2221.

Supreme Court of Minnesota.

Oct. 10, 2012.

Mark A. Olson, Olson Law Office, Burnsville, MN, for appellant-respondent Weavewood, Inc.

Jack E. Pierce, Pierce Law Firm, P.A., Minneapolis, MN, for respondent S & P Home Investments, LLC.

Garth G. Gavenda, Gregory J. Holly, Anastasi & Associates, P.A., Stillwater, MN, for appellant Highland Bank.

M. Jacqueline Stevenson, Minnetonka, MN, pro se.

## OPINION

STRAS, Justice.

The question presented by this case is whether statutes of limitations apply to actions for declaratory judgment. Because the Uniform Declaratory Judgments Act, Minn. Stat. ch. 555 (2010), is a procedural device through which parties may vindicate substantive legal rights, we conclude that an action for declaratory judgment is barred by an applicable statute of limitations to the same extent that the same cause of action would be barred in a nondeclaratory proceeding. We therefore reverse and remand.

I.

Weavewood, Inc. is the registered owner of real property located in Golden Valley ("the Property"). In September 1998, Weavewood's then-trustee, M. Jacqueline Stevenson, purportedly granted a $100,000 mortgage ("the Mortgage") against the Property to James Malcolm Williams as security for a promissory note allegedly executed by Weavewood in exchange for legal services rendered by Williams.

The record indicates that Weavewood was aware of the Mortgage and its alleged defects as early as 2000. In April 2000, following Williams's death, Weavewood filed a claim against Williams's probate estate seeking satisfaction of the Mortgage on the basis that Williams obtained the Mortgage for insufficient consideration. After Williams's estate disallowed Weavewood's claim, Weavewood abandoned its claim against Williams's estate. In August 2001, creditors of Williams's estate reached a compromise agreement that divided the interest in the Mortgage equally between Stevenson and Williams's surviving spouse. Approximately three months later, Weavewood sued Stevenson in Hennepin County District Court, asserting claims for slander of title, breach of fiduciary duty, and conversion, in addition to claiming the Mortgage was void. Once again, Weavewood abandoned its case.

In March 2009, Stevenson and Williams's surviving spouse assigned the Mortgage to Palladium Holdings, LLC ("Palladium"), which then immediately assigned its interest to appellant S & P Home Investments, LLC ("S & P"). S & P recorded the assignment on March 26, 2009. In June 2009, S & P commenced foreclosure proceedings by advertisement on the Property under Minn. Stat. ch. 580 (2010). On July 31, 2009, six days before a scheduled sheriff's sale of the Property, Weavewood petitioned for a judgment that

the Mortgage was void or had been satisfied. More specifically, Weavewood argued that the Mortgage was void because Stevenson either lacked authority to grant the Mortgage or breached her fiduciary duty in doing so. Weavewood claimed in the alternative that the promissory note secured by the Mortgage failed for lack of consideration or that Weavewood had fully satisfied the Mortgage. Weavewood also filed a motion for a temporary restraining order ("TRO") to enjoin the August 5 sheriff's sale.

The district court initially granted Weavewood's motion for a TRO but later dissolved the TRO and dismissed Weavewood's petition. The court reasoned that Weavewood's claims were "barred by the applicable statute of limitations" and S & P "should not be penalized for Weavewood's failure to address the Mortgage for nearly a decade." On September 1, 2009, S & P purchased the Property at a rescheduled sheriff's sale.

On February 23, 2010, approximately one week before the expiration of Weavewood's redemption period, Weavewood commenced an action in Hennepin County District Court against Palladium, S & P, and Stevenson. Weavewood's 7-count complaint, which is at issue in this appeal, alleges claims for breach of contract, conversion, fraud, unjust enrichment, slander of title, and invalidity of the Mortgage and foreclosure under Minn.Stat. §§ 580.28 and 582.25 (2010). As relief, the complaint seeks damages, a judgment declaring the Mortgage void or satisfied, and a judgment setting aside the foreclosure sale. On February 26, 2010, the district court granted Weavewood's request for a TRO, which extended Weavewood's redemption period. S & P thereafter moved to dissolve the TRO and, in July 2010, the parties filed cross-motions for summary judgment.

The district court denied Weavewood's motion for summary judgment and granted S & P's motion for summary judgment. The court concluded that Weavewood's common-law claims were time barred and that the relief sought by Weavewood under Minn.Stat. §§ 580.28 and 582.25 was not available because neither statute was applicable. The court also dissolved the TRO, but subsequently stayed its order dissolving the TRO pending appeal.

The court of appeals affirmed in part and reversed in part. *Weavewood, Inc. v. S & P Home Invs., LLC,* Nos. A10–1762, A10–2113, A10–2221, 2011 WL 4345904 (Minn.App. Sept. 19, 2011). The court held that "to the extent that Weavewood seeks monetary damages, its claims are barred by the applicable statutes of limitations." *Id.* at *6 (applying a 2–year statute of limitations to bar Weavewood's slander of title claim and a 6–year statute of limitations to bar Weavewood's fraud, conversion, unjust enrichment, and breach of contract claims). The court likewise affirmed the district court's dismissal of Weavewood's statutory claims to the extent that Weavewood sought monetary relief.

However, the court of appeals interpreted Weavewood's complaint as a request, in part, for declaratory relief with respect to the claims alleging fraud, unjust enrichment, and violations of Minn. Stat. §§ 580.28 and 582.25. Construing Weavewood's complaint liberally, the court explained that the "language of [Weavewood's] complaint is broad enough to provide notice of . . . intent to seek declaratory relief in addition to monetary damages."[1] *Id.* at *5. Based on that con-

---

1. Specifically, the court of appeals concluded that "liberal construction of Weavewood's complaint reveals a request for declaratory relief, even though the complaint does not

clusion, the court reversed in part the district court's grant of summary judgment to S & P, holding that "[t]o the extent that Weavewood's complaint seeks declaratory relief, it is not barred by the statutes of limitations." *Id.* (citing *State v. Joseph,* 622 N.W.2d 358, 362 (Minn.App.), *rev'd on other grounds,* 636 N.W.2d 322, 326–27 (Minn.2001)). S & P petitioned this court for further review. We granted S & P's petition, but limited our review to a single issue: whether statutes of limitations apply to actions for declaratory judgment.

## II.

■ We review de novo the district court's grant of summary judgment to S & P. *Savela v. City of Duluth,* 806 N.W.2d 793, 796 (Minn.2011); *see also Park Nicollet Clinic v. Hamann,* 808 N.W.2d 828, 831 (Minn.2011) (explaining that the application of statutes of limitations is reviewed de novo). Whether statutes of limitations apply to Weavewood's action for declaratory judgment is a question of first impression for this court.

■ Minnesota's Uniform Declaratory Judgments Act grants courts the power to declare a party's legal "rights, status, and . . . relations" through the issuance of a declaratory judgment. Minn.Stat. § 555.01. A declaratory judgment is a "procedural device" through which a party's existing legal rights may be vindicated so long as a justiciable controversy exists. *See Luckenbach S.S. Co. v. United States,* 312 F.2d 545, 548 (2d Cir.1963); *see also McCaughtry v. City of Red Wing,* 808 N.W.2d 331, 337 (Minn.2011) (requiring a

declaratory judgment action to present a justiciable controversy). But the applicable substantive law and the basic character of the lawsuit do not change simply because a complainant requests declaratory relief. *See State v. Morales,* 869 S.W.2d 941, 947 (Tex.1994) (interpreting Texas's Uniform Declaratory Judgment Act). To the contrary, a complaint requesting declaratory relief must present a substantive cause of action "that would be cognizable in a nondeclaratory suit." *Wilson v. Kelley,* 224 Conn. 110, 617 A.2d 433, 436 (1992); *see also Minneapolis Fed'n of Men Teachers, Local 238 v. Bd. of Educ. of Minneapolis,* 238 Minn. 154, 157, 56 N.W.2d 203, 205 (1952) (stating that a declaratory judgment action must present "a judicially protectible right or status which is placed in jeopardy by the ripe or ripening seeds of an actual controversy with an adversary party"). Put differently, the underlying substantive law, including any applicable defenses, forms the foundation for a declaratory judgment action. *See Taxpayers Allied for Constitutional Taxation v. Wayne Cnty.,* 450 Mich. 119, 537 N.W.2d 596, 601 (1995) (concluding that "[c]laims for declaratory relief necessarily derive from claims for substantive relief").

■ The nature of a declaratory judgment action and its reliance on underlying substantive law, including any applicable defenses, lead us to conclude that statutes of limitations apply to a declaratory judgment action "to the same extent" as a nondeclaratory proceeding based on the same cause of action. *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn.*

reference the Uniform Declaratory Judgments Act." *Weavewood, Inc. v. S & P Home Invs., LLC,* Nos. A10–1762, A10–2113, A10–2221, 2011 WL 4345904, at *5 (Minn.App. Sept. 19, 2011) (citing Minn. Stat. ch. 555 (2010)); *cf. Home Ins. Co. v. Nat'l Union Fire Ins. of Pittsburgh,* 658 N.W.2d 522, 535 (Minn.2003)

(noting that "courts are to construe pleadings liberally"). We assume without deciding that Weavewood's complaint sufficiently invoked the district court's authority to grant declaratory relief under Minnesota's Uniform Declaratory Judgments Act, Minn. Stat. ch. 555.

*Valley Auth.,* 108 F.3d 658, 668 (6th Cir. 1997); *see also Wilson,* 617 A.2d at 436 (stating that when "a statute of limitations would have barred a claim asserted in an action for relief other than a declaratory judgment, then the same limitation period will bar the same claim asserted in a declaratory judgment action."). Any other rule would not only be inconsistent with the nature of a declaratory judgment action, but it also would permit parties to evade an applicable statute of limitations merely by pleading their action as one requesting a declaratory judgment. As one federal court has stated, we cannot allow plaintiffs to " 'mak[e] a mockery of . . . statute[s] of limitations by the simple expedient of creative labeling.' " *Int'l Ass'n of Machinists,* 108 F.3d at 668 (first alteration in original) (quoting *Gilbert v. City of Cambridge,* 932 F.2d 51, 57 (1st Cir.1991)). Indeed, a rule prohibiting the application of statutes of limitations to actions for declaratory relief would undermine the fundamental purposes of statutes of limitations—namely, "to spare the courts from litigation of stale claims, and the citizen from being put to his defense after memories have faded, witnesses have died or disappeared, and evidence has been lost." *Chase Sec. Corp. v. Donaldson,* 325 U.S. 304, 314, 65 S.Ct. 1137, 89 L.Ed. 1628 (1945).

█ Although we have never considered the precise question presented by this case, our conclusion is consistent with our precedent describing the general operation of statutes of limitations. For example, in *Portlance v. Golden Valley State Bank,* we implied that the applicability of statutes of limitations depends on the nature of the wrong alleged in the complaint, *not* on the nature of the relief sought. 405 N.W.2d 240, 242–43 (Minn.1987) (noting favorably the respondent's recognition "that the statutory limitations period cannot be manipulated by the relief sought"). Similarly, in *Bachertz v. Hayes–Lucas Lumber Company,* we observed that a statute of limitations "commences to run against a cause of action from the time it accrues—in other words, *from the time an action thereon can be commenced."* 201 Minn. 171, 176, 275 N.W. 694, 697 (1937) (internal quotation marks omitted). Moreover, our conclusion today is consistent with the overwhelming weight of authority from other jurisdictions.[2] Accordingly, we hold that statutes of limitations apply to a declaratory judgment action to the same extent as a nondeclaratory proceeding based on the same cause of action.[3]

**2.** Every federal circuit that has considered the question has concluded that statutes of limitations bar a declaratory judgment action to the same extent as a nondeclaratory action. *Gilbert v. City of Cambridge,* 932 F.2d 51, 57–58 (1st Cir.1991); *Luckenbach S.S. Co. v. United States,* 312 F.2d 545, 548 (2d Cir.1963); *Algrant v. Evergreen Valley Nurseries Ltd. P'ship,* 126 F.3d 178, 184–85 (3d Cir.1997); *Int'l Ass'n of Machinists & Aerospace Workers v. Tenn. Valley Auth.,* 108 F.3d 658, 667–68 (6th Cir.1997); *Levald, Inc. v. City of Palm Desert,* 998 F.2d 680, 688–89 (9th Cir.1993); *Clulow v. Oklahoma,* 700 F.2d 1291, 1302–03 (10th Cir.1983). Likewise, many state courts have embraced the rule we adopt today. *See, e.g., Maguire v. Hibernia Sav. & Loan Soc'y,* 23 Cal.2d 719, 146 P.2d 673, 680–81 (1944); *Wilson v. Kelley,* 224 Conn. 110, 617 A.2d

433, 436–39 (1992); *Grand Lodge of Iowa of the Indep. Order of Odd Fellows v. Osceola Lodge No. 18, Indep. Order of Odd Fellows,* 178 N.W.2d 362, 372 (Iowa 1970); *Taxpayers Allied for Constitutional Taxation v. Wayne Cnty.,* 450 Mich. 119, 537 N.W.2d 596, 601 (1995); *Taylor v. Lovelace Clinic,* 78 N.M. 460, 432 P.2d 816, 818 (1967); *Save the Pine Bush, Inc. v. City of Albany,* 70 N.Y.2d 193, 518 N.Y.S.2d 943, 512 N.E.2d 526, 529 (1987); *Dehoff v. Attorney Gen.,* 564 S.W.2d 361, 363 (Tenn.1978); *Kappa Sigma Fraternity, Inc. v. Kappa Sigma Fraternity,* 266 Va. 455, 587 S.E.2d 701, 707 (2003).

**3.** We therefore overrule *State v. Joseph,* in which the court of appeals held that "the commencement of a declaratory judgment action is not subject to any statute of limita-

## III.

The next question presented by this case is whether Weavewood timely filed its declaratory judgment action. To answer that question, we examine the essence or "gravamen of the action" to determine which, if any, statutes of limitations apply. *Portlance,* 405 N.W.2d at 243; *see also Park Nicollet Clinic,* 808 N.W.2d at 832 ("When addressing a question as to the statute of limitations, we typically first determine which statute of limitations applies *to the claims asserted.*" (emphasis added)).

Here, Weavewood's request for declaratory relief includes claims for fraud, unjust enrichment, and invalidity of the mortgage and foreclosure under Minn.Stat. §§ 580.28 and 582.25. Weavewood argues that none of its claims are subject to a statute of limitations because they are "defensive in nature," even though claims of fraud and unjust enrichment ordinarily are subject to a 6–year statute of limitations. Minn.Stat. § 541.05. subd. 1(1), (5) (2010).

Based on the record and the narrow scope of the question on which we granted review, we decline to decide whether Weavewood timely filed its declaratory judgment action. First, the court of appeals did not consider the applicability of any particular statutes of limitations to Weavewood's claims because it concluded that statutes of limitations *never* apply to actions for declaratory relief. Second, resolving whether Weavewood's declaratory judgment action is timely would require us first to determine whether Weavewood's complaint presents pure defenses or affirmative claims for relief. *See Reynolds v. Reynolds,* 458 N.W.2d 103, 105 (Minn. 1990) (holding that statutes of limitations do not bar "pure defense[s]," because "[t]he general rule is that the statute of

tions." 622 N.W.2d 358, 362 (Minn.App.

limitations may be used as a shield, not as a sword" (emphasis omitted)). Such a determination, however, is beyond the scope of the sole question on which we granted review: whether statutes of limitations apply to actions for declaratory judgment. Accordingly, we remand to the court of appeals to consider whether Weavewood's complaint presents any pure defenses and, ultimately, whether Weavewood timely filed its declaratory judgment action.

## IV.

For the foregoing reasons, we reverse the decision of the court of appeals and remand for further proceedings consistent with this opinion.

Reversed and remanded.

WRIGHT, J., not having been a member of this court at the time of submission, took no part in the consideration or decision of this case.