*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-1516**

Margaret Burrell Hall,
successor in interest to Robert L. Hall, decedent,
Respondent,

vs.

Barbara Jeanne Hall f/k/a Barbara Jeanne Barry, et al.,
Appellants,

Cottages of Vadnais Heights, LLC,
Defendant.

**Filed May 26, 2015
Affirmed in part, reversed in part, and remanded
Rodenberg, Judge**

Ramsey County District Court
File No. 62-CV-12-8604

Joshua A. Hasko, John Harper, III, Molly R. Hamilton, Messerli & Kramer, P.A., Minneapolis, Minnesota (for respondent)

Randall J. Pattee, Daniel J. Schwartz, Lance T. Bonner, Lindquist & Vennum LLP, Minneapolis, Minnesota (for appellants)

Considered and decided by Chutich, Presiding Judge; Rodenberg, Judge; and Reyes, Judge.

## UNPUBLISHED OPINION

**RODENBERG**, Judge

Appellants challenge the district court's grant of summary judgment determining that any transfer of uncertificated interests in a limited liability corporation (LLC) that

may have happened in 1997 was contrary to the requirements of the Minnesota Limited Liability Corporation Act (MLLCA) and therefore invalid and its award of damages for distributions made since 2006 in disregard of respondent's ownership interest in the LLC. Appellants also challenge the district court's determination that the defense of equitable estoppel is not available to them, and contend that their due process rights were violated. We hold that there was no due process violation but reverse and remand on the remaining issues.

## FACTS

Cottages of Vadnais Heights, LLC (Cottages) owns and operates a 100-unit senior housing complex (the Complex). In 1995, Cottages was organized and two Operating Agreements were executed. The first established that transfer of membership interests was to be controlled by governing law unless a membership control agreement specified otherwise. The second listed Robert Hall[1] as a 90% owner and his daughter, Barbara Hall, as a 10% owner of Cottages. These interests were, and have remained, uncertificated. *See* Minn. Stat. § 336.8-102(a)(18) (2014) (defining an uncertificated share as "a security that is not represented by a certificate"). Therefore, the only way of ascertaining which party owns what percentage of Cottages derives from member understanding and LLC records. *See id.*; *see also Bains v. Piper, Jaffray & Hopwood, Inc.*, 497 N.W.2d 263, 267 (Minn. App. 1993) ("[a]n uncertificated security may only exist in registered form. Registration, therefore, is essential to establish ownership of the uncertificated security." (citations omitted), *review denied* (Minn. Apr. 20, 1993)).

---

[1] Robert Hall died in October 2014. Margaret Hall, his wife, represents his estate on appeal. We refer to Robert Hall by name and to his estate as "respondent."

There is no record evidence of any membership control agreements. When Cottages filed its first tax return in 1996, Robert Hall was listed as a 51% owner and Barbara Hall was listed as a 49% owner. No writing memorializes how or when this change in ownership interests occurred, but the parties have never disputed, and agree on appeal, that Robert Hall owned a 51% interest and Barbara Hall a 49% interest as of 1996.

Shortly after Cottages was formed, Robert Hall ceded all management responsibilities to Barbara Hall. Thereafter, Robert Hall had no involvement with the day-to-day operations of Cottages or the Complex.

Steven Arendt was the accountant for Cottages. Arendt testified in a deposition that, in 1997, he had a series of conversations with Robert Hall during which Robert Hall instructed Arendt to gift Barbara Hall and her children, appellants Grace Barry and Kevin Barry, Robert Hall's 51% interest in Cottages. In 1997, Arendt prepared the K-1 tax forms and other corporate tax forms for Cottages so as to reflect that Cottages was then owned 60% by Barbara Hall, 20% by Grace Barry, and 20% by Kevin Barry, and that Robert Hall then owned no interest in Cottages. All of the corporate tax forms from 1997 and later list this same division of ownership interests. Arendt acknowledges that he is unaware of any other legal documents having been prepared or signed formalizing any transfer in 1997. And the corporate records continue to list Robert Hall as a 90% owner and Barbara Hall as a 10% owner.

Barbara Hall continued to manage Cottages after 1997 and she claims to have done so with the understanding that she and her children owned Cottages. She and

Robert Hall had a falling-out and did not communicate for years about details related to the ownership, management, or operation of Cottages. Cottages made distributions to Barbara Hall and her children from 1997 forward and made no distributions to Robert Hall, consistent with the instructions Arendt claims to have received from Robert Hall.

During a divorce proceeding in 2010, Barbara Hall sought documentation to support her claim that her interest in Cottages was her non-marital property. Barbara Hall's attorneys requested that Robert Hall prepare a memorandum explaining the nature of Barbara Hall's interest in Cottages. Robert Hall prepared a memorandum explaining that he owned a 51% interest in Cottages while Barbara Hall owned a 49% interest. Robert Hall explained that his intention was to one day gift Barbara Hall his 51% interest, but that this gift "has yet to be accomplished."

Two years later, in January of 2012, Barbara Hall's attorneys, at her request, drafted documents that, upon execution, would assign Robert Hall's 51% interest in Cottages to appellants in conformity with the tax documents from 1997 forward. The documents purported to retroactively transfer Robert Hall's ownership interests to appellants effective in 1997. Robert Hall declined to sign the papers and denied that he had gifted his 51% interest to appellants in 1997.

Other than the tax forms discussed above and Barbara Hall's Unanimous Written Action in 2013 discussed below, no documents exist demonstrating or evidencing that Robert Hall completed a gift of his 51% interest in 1997, or at any other time. Cottages records similarly contain no record of an assignment of interests. Barbara Hall admitted in her deposition testimony that Robert Hall never directly communicated to her his

4

intention to gift his interest in Cottages. The only evidence of a gift presented to the district court was the sworn deposition testimony of Arendt concerning Robert Hall's instruction to him and the post-1997 tax records generated by Arendt based on that instruction.

In November of 2012, and despite the unresolved dispute over ownership interests in Cottages, Barbara Hall signed refinancing and conveyancing documents representing that she and her children were the owners of Cottages. A few days later, Robert Hall commenced this litigation. He sought a temporary restraining order to stop Barbara Hall from consummating the contemplated transaction. Further, Robert Hall sought a declaration that he never transferred his interests in 1997 and that he maintained a 51% interest in Cottages. He also sought an accounting, and claimed breach of contract, conversion, and violations of Minn. Stat. § 322B.373 and § 322B.376 (2012).[2] The parties stipulated to an injunction that lasted until August 2013.

In June 2013, both parties moved the district court for summary judgment. The district court granted partial summary judgment for Robert Hall, concluding as a matter of law that he never transferred his 51% interest in 1997 and that he remained the 51% owner of Cottages. The district court denied Robert Hall's motion for summary judgment on his breach of contract claim against Cottages (which is not a party to this appeal), his breach of contract claim seeking monetary damages equal to the distributions paid by Cottages to Barbara Hall, Grace Barry, and Kevin Barry since 1997, his conversion claims, and his claim for an accounting. The district court held that there

---

[2] The district court was using 2012 statutes. There have been no amendments to the relevant statutes between 2012 and 2014.

remained genuine issues of material fact concerning those claims. The district court granted summary judgment for Robert Hall on his claims under Minn. Stat. §§ 322B.373 (granting a member of an LLC the "absolute right" to inspect business records) and 322B.376 (granting a member of an LLC a right to inspect financial records).

In granting partial summary judgment on the ownership issue, the district court reasoned that any purported transfer of Robert Hall's interest in Cottages in 1997 was ineffective because it was not executed according to the requirements of the MLLCA. The district court held that, under Minn. Stat. § 322B.313, subd. 2 (2012), transfer of an interest to a non-member requires the unanimous written action of every member of the LLC, other than the assigning member. Therefore, Barbara Hall was required to memorialize the transfer as the only non-assigning LLC member. Because there was no contemporaneous document expressing Barbara Hall's consent to the transfer, the district court held that "nothing happened" as a matter of law.[3]

The district court held that the defense of equitable estoppel was not available to appellants because they did not plead equitable estoppel with particularity as required by Minn. R. Civ. P. 9. Alternatively, the district court ruled that, had appellants adequately pleaded equitable estoppel, that claim would fail as a matter of law.

---

[3] As discussed below, appellants submitted an affidavit with a "Unanimous Written Action of the Members" ("Unanimous Written Action") in July 2013, days before the hearing on the summary judgment motions. The Unanimous Written Action stated, "Barbara [Hall], as the only other member of the Company at the time of the 1997 Transfer . . . in fact approved and consented to the 1997 Transfer at the time of the 1997 Transfer, and . . . now wishes to formally memorialize, confirm and ratify her approval and consent to the 1997 Transfer and the admission of Kevin and Grace as members of the Company." The district court held that the Unanimous Written Action was akin to a sham affidavit and declined to receive the document.

6

Appellants sought to immediately appeal to this court under Minn. R. Civ. App. P. 103.03(i), but the district court denied certification. Appellants appealed that denial, and we issued an order opinion denying the immediate appeal.

After negotiation, Robert Hall agreed to dismiss his breach of contract claim against Cottages and his claim for conversion. The parties waived a jury trial and submitted the remaining issues to the district court for resolution of all claims on a stipulation that there were no remaining fact issues.

The district court held that, to the extent that Robert Hall sought damages for distributions made more than six years before commencement of the action, i.e. earlier than 2006, those claims for relief were barred by the six-year statute of limitations. Minn. Stat. § 541.05, subd. 1(1)-(2) (2014) The district court held that, for any distributions to have been made by Robert Hall in compliance with the MLLCA, Barbara Hall was required to "independently assess the merits of each individual distribution to members," citing Minn. Stat. § 322B.54 (2012). Therefore, the district court held that claims arising from distributions accrued at the time each distribution was made. Claims arising more than six years before the filing of the complaint were time-barred, but the remaining claims for wrongful distribution were not time-barred. And because the district court had previously ruled as a matter of law that Robert Hall owns 51% of Cottages, it concluded that he is entitled to recover for non-time-barred, wrongful distributions.

Pursuant to the remedial powers available under Minn. Stat. §§ 322B.38 and .833 (2012), the district court determined that Robert Hall is entitled to receive 51% of the

7

Cottages distributions made since November 10, 2006, $922,298.94. Judgment against appellants was ordered in that amount plus prejudgment interest, statutory interest, costs and disbursements, and attorney fees.

Appellants moved for a new trial. That motion was denied. This appeal followed.

**D E C I S I O N**

**I.    Summary Judgment**

We review a grant of summary judgment de novo, determining "whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). We view the evidence in the light most favorable to the nonmoving party. *Grondahl v. Bulluck*, 318 N.W.2d 240, 242 (Minn. 1982).

### a.    *Declaratory Relief*

In count I of his complaint, Robert Hall sought a declaratory judgment that he never transferred his interest in Cottages in 1997. In count II, Robert Hall sought a declaratory judgment that he still owns a 51% interest in Cottages. Appellants argue that Robert Hall's declaratory claims are time-barred because any such claims necessarily accrued in 1997 and are subject to a six-year statute of limitations. The district court concluded that the statute of limitations did not bar Robert Hall from bringing his claims for declaratory relief, but held that a six-year period of limitations applied to his claims for money damages pursuant to *Weavewood, Inc. v. S & P Home Invs., LLC*, 821 N.W.2d 576, 579-80 (Minn. 2012).

8

Whether a statute of limitations bars an action is a question of law that we review de novo. *See Antone v. Mirviss*, 720 N.W.2d 331, 334 (Minn. 2006). Courts have the power to "declare rights, status, and other legal relations." Minn. Stat. § 555.01 (2014). A court's power to issue declaratory relief is remedial and "is to be liberally construed and administered." Minn. Stat. § 555.12 (2014). Actions for declaratory judgment are "barred by an applicable statute of limitations to the same extent that the same cause of action would be barred in a nondeclaratory proceeding." *Weavewood*, 821 N.W.2d at 577. We must therefore determine what substantive law governs the underlying claim in the declaratory action. *Id.* at 579.

A two-year statute of limitations applies to actions brought against an LLC member who receives distributions made in violation of Minn. Stat. § 322B.54 (2014). Minn. Stat. § 322B.55 (2014). The district court held that no violation of section 322B.54 occurred in this case, and the parties do not argue otherwise on appeal. The MLLCA does not specify any other period of limitations. Therefore, the period of limitations applicable to respondent's declaratory judgment claims is provided by the six-year statute of limitations found in Minn. Stat. § 541.05, subd. 1 (2014).

Robert Hall consistently maintained, since at least 2010 and until his death, that he never transferred his 51% membership interest in Cottages to appellants, by gift or otherwise. If true, then the distributions made to appellants since 1997 in violation of Robert Hall's ownership rights have constituted a wrongful conversion of his property, i.e. his membership interest. "Conversion is the wrongful exercise of dominion or control over the property of another." *Bates v. Armstrong*, 603 N.W.2d 679, 682 (Minn. App.

9

2000). "Conversion may be established by proof of actual misappropriation, as by sale or consumption of the property." *Stebbins v. Martin*, 121 Minn. 154, 157, 140 N.W. 1029, 1030 (Minn. 1913). The underlying substantive law that forms the basis of respondent's declaratory judgment action, then, is a claim for conversion. *See Weavewood*, 821 N.W.2d at 579 (requiring reviewing courts to determine the underlying substantive law in claims for declaratory judgment in order to ascertain whether the claims are time-barred).

Viewing the evidence in the light most favorable to appellants, as we must in reviewing the grant of respondent's motion for summary judgment, there remains a genuine fact issue concerning whether a legally significant action took place in 1997 in the form of a gift from Robert Hall to appellants. Arendt testified that Robert Hall communicated to him in 1997 a present intention to gift his interest in Cottages to appellants. And, as the accountant for Cottages, Arendt consistently filed tax returns reflecting a consummated gift of Robert Hall's interest in Cottages to appellants in 1997. Robert Hall neither complained about nor inquired concerning his non-receipt of distributions from Cottages until 2010 which, while not direct evidence of a gift in 1997, is consistent with a gift having been made then. And we must make reasonable inferences in appellants' favor concerning respondent's dispositive motion. *Grondahl*, 318 N.W.2d at 242. There remains a fact issue concerning whether Robert Hall gifted his interest in or about 1997 and was no longer an owner of Cottages.

However, as relates to the statute of limitations issues, this appeal comes to us from the district court's decision on *cross-motions* for summary judgment. We therefore similarly view the evidence in the light most favorable to respondent in analyzing the

10

denial of appellants' motion for summary judgment. So viewing the evidence, Robert Hall maintained until his death that he made no gift, nor took any other legally significant action concerning his ownership interest in Cottages in 1997. The corporate records reflect only Robert Hall and Barbara Hall as owners. There is factual support in the record for a finding that respondent still retains *at least* a 51% interest in Cottages.

On this record, and despite the parties' stipulation that there are no genuine issues of material fact, there remain unresolved and genuine fact issues material to the resolution of the competing claims. Whether or not a legally enforceable gift was made by Robert Hall to appellants in 1997 is material to determining whether respondent's claims are barred by the statute of limitations. *See Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 832 (Minn. 2011) (explaining that "[a] cause of action accrues when all of the elements of the action have occurred, such that the cause of action could be brought and would survive a motion to dismiss for failure to state a claim").[4] If Robert Hall effectively (but perhaps imperfectly) gifted his 51% interest to appellants, then respondent's claims for declaratory relief are barred by the six-year statute of limitations because those claims accrued in 1997. However, if Robert Hall did nothing in 1997 to express a present intent to Arendt to gift his 51% interest to appellants, then each later distribution by Barbara Hall to appellants would be an independent act of conversion.

---

[4] Although not argued by appellant, we also observe that if, on remand, the district court finds as a fact that Robert Hall made a gift of his 51% interest in Cottages in 1997, then not only are his claims barred by the statute of limitations, but he also likely has no viable claims at all. Respondent advances no theory under which Robert Hall could have gifted his 51% interest in Cottages in 1997 and yet successfully maintain an action for declaratory or other relief premised on the non-occurrence of a gift. Appellants have only argued on appeal that respondent's claims, if any, are barred by the statute of limitations. We therefore confine our analysis to the issues argued on appeal.

11

*See Bates*, 603 N.W.2d at 682 (explaining conversion as a "wrongful exercise of dominion or control over the property"); *Stebbins*, 121 Minn. at 157, 140 N.W. at 1030 (stating that conversion is "actual misappropriation, as by sale or consumption of the property"). In that case, respondent's claims for money damages would be limited by the six-year statute of limitations, as the district court correctly reasoned, with distributions wrongfully made and received more than six years before suit was commenced being time-barred.

Because the interests in this LLC are uncertificated shares, it is impossible to discern solely by reference to the corporate records whether a gift was intended and made in 1997. This remains a genuine fact issue to be resolved. The district court determined that, as a matter of *law*, there was no gift in 1997. But it never resolved the residual question of whether Robert Hall made a gift in 1997 as a matter of *fact*. As a reviewing court, finding facts is not our proper role. *See Kucera v. Kucera*, 275 Minn. 252, 254, 146 N.W.2d 181, 183 (1996); *Fontaine v. Steen*, 759 N.W.2d 672, 679 (Minn. App. 2009); *Wright Elec., Inc. v. Ouellette*, 686 N.W.2d 313, 324 (Minn. App. 2004), *review denied* (Minn. Dec. 14, 2004). We therefore reverse the district court's grant of summary judgment to respondent on counts I and II and remand for findings of fact at trial.

### b. *Equitable Estoppel*

In its memorandum accompanying the order for partial summary judgment, the district court determined both that appellants' affirmative defense of equitable estoppel was insufficiently pleaded and that, in any event, the defense was unavailable to appellants on the facts alleged.

12

The defense of equitable estoppel requires the party asserting the defense to show the existence of six elements:

> (1) Conduct amounting to a representation or a concealment of material facts;
> (2) The estopped party must have actual or imputed knowledge of the material facts;
> (3) The truth of the material facts must be unknown to the party claiming estoppel;
> (4) The conduct must be with the expectation that the other party will act on the information;
> (5) The conduct must be relied upon by the other party; and
> (6) The other party must in fact rely upon the conduct and suffer a loss due to such reliance.

*SN4, LLC v. Anchor Bank, FSB*, 848 N.W.2d 559, 569 (Minn. App. 2014) (citing *Lunning v. Land O'Lakes*, 303 N.W.2d 452, 457 (Minn. 1980)), *review denied* (Minn. Sept. 16, 2014).

The district court first determined that equitable estoppel is a fraud-like claim that appellants were required to plead with particularity under Minn. R. Civ. P. 9.02. Because appellants' answer references "estoppel" only once, the district court held that the pleading was insufficient.

Further, the district court held that, even if equitable estoppel need not be pleaded with particularity, appellants failed as a matter of law to demonstrate the elements of estoppel. The district court determined that, even if Robert Hall assigned his membership interests to appellants through his conversations with Arendt in or about 1997, it was unreasonable as a matter of law for appellants to rely on the putative transfer when the transfer did not meet the requirements of the MLLCA. Additionally, the district court found that "defendants failed to cite a single authority standing for the proposition that

13

equity will intervene to relieve a party of a specific statutory requirement" and that Barbara Hall was responsible to ensure that all transfers complied with the MLLCA.

Appellants challenge the district court's legal conclusion that their defense of equitable estoppel must meet the heightened pleading standard for fraud claims. Appellants argue that Robert Hall communicated his intention to "give his remaining ownership interest to" Barbara Hall, and that, as a result, Barbara Hall relied to her detriment on that statement of Robert Hall in managing the complex owned by Cottages, and that all appellants relied to their detriment in paying taxes on the distributions they received and to which they believed they were entitled.

The Minnesota Rules of Civil Procedure require that fraud claims be pleaded with particularity. Minn. R. Civ. P. 9.02. No caselaw requires application of this heightened standard of pleading to affirmative equitable defenses. The Minnesota Supreme Court has held equitable estoppel may be pleaded as an affirmative defense and is not required to be asserted as a counterclaim. *See City of N. Oaks v. Sarpal*, 797 N.W.2d 18, 22-25 (Minn. 2011) (explaining the defendants claimed equitable estoppel as an affirmative defense and continuing into an analysis of the elements required to prove equitable estoppel against the government). And the Minnesota Rules of Civil Procedure allow estoppel to be asserted as an affirmative defense. Minn. R. Civ. P. 8.03. The rules require the defendant to assert "in short and plain terms any defenses to each claim asserted." Minn. R. Civ. P. 8.02. Appellants do not claim to have been defrauded by Robert Hall. Their reliance on equitable estoppel is defensive only, and has been so pleaded. *See* Minn. R. Civ. P. 9.02. The district court erred in concluding that

14

appellants' defense of equitable estoppel was insufficiently pleaded under Minn. R. Civ. P. 9.02.

We next consider whether appellants have alleged facts that, if proved, support the defense of equitable estoppel. According to appellants: (1) Robert Hall represented a material fact, that he was gifting his uncertificated membership interests to appellants in 1997; (2) Arendt, claiming to have acted at the direction of Robert Hall, filed tax returns as if the gifts by Robert Hall were complete in 1997; (3) Barbara Hall made distributions to appellants after 1997 consistent with the tax documents so prepared; (4) appellants did not know that Robert Hall intended to continue to claim ownership of the uncertificated interests after 1997; (5) Robert Hall represented to Arendt his intent to presently gift his 51% interest to appellants and expected Arendt to act on that representation; and (6) appellants suffered damages by working at and managing the complex owned by Cottages under the impression that they owned it, and by paying taxes on the distributions made to them. *See Lunning*, 303 N.W.2d at 457. Whether appellants will be able to prove these allegations remains to be seen. But the facts alleged, if true, support the defense of equitable estoppel.

The records of Cottages show an initial 90%/10% split in ownership interests. The parties agree that the ownership was actually 51%/49% as a result of some undocumented transfer in the early days of the LLC. It is therefore clear from the discrepancy between the LLC records and the representations of the parties that Robert Hall and Barbara Hall made at least one undocumented assignment or transfer of membership interests and considered that transfer effective. The parties' informality concerning, if not disregard

15

of, corporate formalities creates a genuine issue of fact concerning the viability of appellants' equitable estoppel defense. If Robert Hall communicated through Arendt a present intention to gift his 51% interest in Cottages in 1997, appellants are entitled to maintain the defense that respondent is now equitably estopped from asserting corporate formalities that the parties have historically ignored as proof that it still owns what Robert Hall transferred.

The district court further held that appellants failed to comply with the requirements of Minn. Stat. § 322B.316, concerning the formalities required to bind an LLC when member interests are transferred or assigned. But Minn. Stat. § 322B.316 pertains only to the effect of an assignment on the LLC. It has no application to the competing claims of the parties to this appeal. The LLC is not a party; respondent's claims against it have been dismissed. Minnesota Statute section 322B.316 provides that "[a]ny permissible and otherwise valid assignment . . . of governance rights or complete membership interest . . . will be effective as to and binding *on the limited liability company* only when the assignee's name, address, and the nature and extent of the assignment are reflected in the required records of the limited liability company." (Emphasis added.) It is clear that Minn. Stat. § 322B.316 does not address whether an assignment is binding as to the members of the LLC.

We reverse and remand for fact-finding at trial concerning whether Robert Hall made representations concerning a gift of his interest in Cottages to appellants in 1997 sufficient to support the defense of equitable estoppel.

## II.    Admissibility of Document Ratifying Consent

Appellants challenge the district court's exclusion of the Unanimous Written Action signed by Barbara Hall on July 23, 2013 as a "sham affidavit."  We agree with appellants that the document was properly admissible as what it purported to be:  an after-the-fact consent to a claimed gift.  It is true that this document was both self-serving and late.  But if a gift was made to appellants at some point before the Unanimous Written Action was signed, Barbara Hall as the non-gifting member of the LLC had authority to ratify the gift.  *See* Minn. Stat. § 322B.313, subd. 2 (2014).  The statute does not require that the ratification be within any specified time after the transfer.

Admission of the Unanimous Written Action into evidence, however, will make little or no difference to the ultimate analysis.  If Robert Hall expressed no unconditional statement of intention to gift his interest in Cottages to appellants, then the Unanimous Written Action cannot make a nonexistent gift extant.  And, if Robert Hall gifted his interest in Cottages to appellants in 1997, any remaining claims that respondent might have if any would be barred by the statute of limitations, and respondent would also be equitably estopped from relying on the corporate formalities to avoid a gift actually made in 1997.

## III.    Due Process

Appellants argue that the district court's grant of equitable relief under Minn. Stat. §§ 322B.38 and .833 violated appellants' due process rights because respondent did not bring a claim under Minn. Stat. § 322B.833.  While we need not reach this issue because we reverse and remand on other grounds, we address it as a matter of judicial economy.

17

Appellants' due process arguments are unavailing. Respondent's complaint specifically alleges violations of the MLLCA. The MLLCA grants the district court broad powers to craft remedies for violations of the MLLCA. *See* Minn. Stat. §§ 322B.38, .833. Appellants had notice that, if the district court found violations of the MLLCA, it had broad authority to grant a remedy for that violation. Further, nothing about the process in this case is contrary to constitutional requirements. If, on remand, the district court concludes that, on the facts it finds to be true, respondent is entitled to the same remedies previously ordered, it may provide relief as available under the MLLCA to equitably remedy violations.

We affirm the district court's decision that, as a matter of law, no due process violation occurred and that the remedies sought by respondent are available under the MLLCA.

**Affirmed in part, reversed in part, and remanded.**